## Richmond.

BAKER v. NAGLEE AND ALS.

FEBRUARY 10th, 1887.

Absent, LEWIS, P.

FRAUDULENT CONVEYANCES—*Consideration*—*Stock*—*Case at bar.*—
Grantor conveyed land in exchange for stock to an incorporated
company, which conveyed it to secure bonds issued by it. Grantor's
creditor filed his bill, alleging ₁that grantor and the company were
one and the same, and that the conveyance was a contrivance to
hinder, delay, and defraud his creditors, prayed that the convey-
ance be annulled and the issue and sale of the bonds be enjoined—
HELD :
    The conveyance was valid. The stock was a valuable considera-
    tion. There was no proof of fraud.

Appeal from decree of circuit court of Prince William
county, rendered December 1, 1884, in a cause wherein John
A. Baker was complainant, and John Naglee and The Moromsco
Land Improvement, Manufacturing and Business Company,
O. C. Green and Wm. C. Richardson, trustees, were defendants.
The object of the suit was to annul a conveyance by Naglee of
certain land to said company, and a conveyance of same by
said company to said trustees, to secure certain bonds of said
company; and plaintiff was awarded an injunction to restrain
the issue and sale of said bonds. At the hearing, the circuit
court dissolved the injunction and dismissed the bill with costs.
Baker obtained an appeal to this court.

Opinion states the case.

*C. E. Nichol,* for the appellant.

(I.) The decree of dissolution was erroneous, because the conveyance from Naglee and wife, being voluntary, was, as to the existing debt of the appellant, void.

The difference between existing and subsequent debts, in reference to voluntary conveyances, is this: as to the former the fraud is an inference of law; but as to the latter, there must be fraud in fact. Williamson, J., in *Cook* v. *Johnson*, 12 N. J. Eq. 54; Waite on Fraud, Con. &c., sec. 89. However, in Virginia the statute provides the rule of action as to voluntary conveyances. It declares "every gift, conveyance, assignment, transfer or charge, which is not on consideration deemed valuable in law, shall be void, as to creditors whose debts shall have been contracted at the time it was made." Sec. 2, ch. 114, p. 896 of V. C. of 1873. Now, the question is, Was there any valuable consideration for the deed from Naglee and wife to The Moromsco Land Improvement, Manufacturing and Business Company? We answer emphatically, No! And the evidence in the record sustains the assertion.

The pretended consideration in the deed is eighty thousand dollars, and there is annexed to said deed a receipt in the following words and figures—to wit: "Received the day of the date of the within or foregoing indenture of the within-named Moromsco Land Improvement, Manufacturing and Business Company of Prince William county, Virginia, the sum of eighty thousand dollars, being in full of the consideration money above mentioned. JOHN NAGLEE."

What is a valuable consideration? A valuable consideration is such as money, marriage, or the like, which the law esteems as an equivalent given for the grant; and is, therefore, founded on motives of justice. 1 Parsons on Cons. 357; Chitty on Cons. 27; Story on Cons., sec. 429. The considera-

tion must be adequate. Wait on Fraud. Cons., sec. 209. A conveyance for valuable consideration is a substitution of values, and the equity of the creditors attaches to the property received in substitution. Wait on Fraud. Cons., &c., sec. 369, and authorities there cited.

In *Knowlton* v. *Hawes*, 10 Neb. 534, cited in note 1 to section 370 of Wait on Fraud. Cons., is an illustration of what is *not* a valuable consideration. Grant, as claimed by Naglee in his answer, though this is denied by the other directors who testified, that he received in payment for his land stock in the said Moromsco Land Improvement, Manufacturing and Business Company, is it of any value? Of course this stock, if he actually received any, is subject to the lien of the execution of the appellant. Wait on Fraud. Cons., sec. 24. But of what value is this lien? For what would this stock sell under an execution? Nothing. Naglee owned a farm assessed at $15,483. He owed a debt of $6,000 and interest, secured by deed of trust on said farm. He owed, in addition, the debts of appellant and others. They were urging payment. It was necessary to do something immediately. Thereupon Naglee conceived the idea of the fraudulent incorporation. Deduct $6,000, amount of deed of trust, and debt of appellant, $1,000 (not to mention other claims), from value of farm, $15,483, and we have left, as value of Naglee's equity of redemption, $8,483. Remembering now that Naglee was both president and treasurer, without bond, of The Moromsco Land Improvement, Manufacturing and Business Company, and that on the sale of the bonds of said company, secured by deed of trust on said land, he was about to realize $20,000 when enjoined, we understand how he was to clear $11,517 over the value of his equity of redemption in said farm by this scheme of incorporation. And we also understand how, when $40,000 had been

borrowed on land valued at $15,483 and subject to deed of trust, that the stock issued on the basis of that land would be utterly worthless.

(II.) Grant that the conveyance from Naglee and wife to The Moromsco Land Improvement, Manufacturing and Business Company was for valuable consideration, it still would be void, because the grantee had notice of the fraudulent design of the grantor, Naglee being both president and treasurer of The Moromsco Land Improvement, Manufacturing and Business Company, and the law providing that every such conveyance with intent to delay, hinder, or defraud creditors, purchasers, or other persons, shall be void. Code 1873, ch. 114, sec. 1.

(III.) It was highly inequitable in a court of equity by decree of December 1, 1884, to authorize The Moromsco Land Improvement, Manufacturing and Business Company to dispose of forty thousand dollars' worth of bonds secured by deed of trust on the identical property, which the same court of equity had by decree of September 22, 1884, authorized to be sold to pay another and different debt. Wait on Fraudulent Conveyance, section 386.

(IV.) The thirty-two hundred shares of stock having never been actually issued, but only appearing on the book of the company in his name (Naglee's), according to his admission in his answer, the said stock could not be sold under an execution, even were it of any value, nor could he be compelled to surrender, by proceedings on interrogatories before a commissioner in chancery, that which has no physical existence.

The Moromsco Land Improvement, Manufacturing and Business Company died within one year from its birth. This company was incorporated on the 30th day of June, 1883. Five persons at least were required in order to make the application for a charter of incorporation. Sec. 59, chap. 57, page 557. The law required the five persons applying for a charter of incorporation to set forth among other things in their cer-

tificate "the name and residence of the officers who are for the first year to manage the affairs of the company." Sec. 59, chap. 57, V. C. 557.

Section 61, chapter 57 of the Code also says the officers and directors of any such company, after the first year, shall be such as may be prescribed by its by-laws, and shall be appointed or removed as the said by-laws may provide. The names and residences of the directors were set forth in the "certificate" in which the application for incorporation was made. But on the 10th day of April, 1884, M. A. Ish, one of the directors, testified that he had resigned. This was within one year from incorporation. On the same day David S. Cofrode testified that he had resigned.

To the end that the appellant may obtain satisfaction of his debt, and the law and equity may prevail, he submits with great deference that the Supreme Court of Appeals ought to reverse the decree of the circuit court and (1) perpetuate the injunction in this cause, and (2) annul and set aside the conveyance from Naglee and wife to The Moromsco Land Improvement, Manufacturing and Business Company, (3) annul and set aside the conveyance from The Moromsco Land Improvement, Manufacturing and Business Company to the Guarantee Trust Safe Deposit Company of Philadelphia, Pa., and (4) subject the land conveyed by Naglee and wife to The Moromsco Land Improvement, Manufacturing and Business Company to the payment of the debt of the appellant. Vide, sec. 2, chap. 175, V. C., page 1126.

*S. F. Beach* and *John M. Johnson,* for the appellees.

LACY, J., delivered the opinion of the court.

The bill was filed by the appellant, Baker, against John Naglee, The Moromsco Land Improvement, Manufacturing and

Business Company; the Guarantee Safe Deposit Company, of the city of Philadelphia, O. C. Green and William C. Richardson, trustees, to set aside a deed from Naglee to the said "The Moromsco Land Improvement, Manufacturing and Business Company," to set aside a deed from the said Moromsco Land Improvement, Manufacturing and Business Company to the said Guarantee Safe Deposit Company, and to enjoin the said Moromsco Land Improvement, Manufacturing and Business Company from selling or in any manner disposing of $40,000 of its bonds in the markets of the world. The said injunction was awarded, but soon after dissolved, with costs, by the circuit court of Prince William county; whereupon the said Baker applied to one of the judges of this court for an appeal, which was allowed.

The ground of the injunction was that Naglee was indebted to Baker in an open account, amounting to about $1,000, and, being so indebted, that the said Naglee had conveyed his farm in the county of Prince William, variously valued at from $20,000 to $40,000, and assessed at $15,483, to the said The Moromsco Land Improvement, Manufacturing and Business Company, at the nominal price of $80,000, which was paid for by the issue to Naglee of 3,600 shares of stock at $25 per share, and the said The Moromsco Land Improvement, Manufacturing and Business Company had conveyed its property in trust to secure an issue of $40,000 of its bonds, the plaintiff alleging that the object of the said Naglee was to avoid the payment of the debt to him and thus defraud him.

This claim is based upon the charge that Naglee was the said Moromsco Land Improvement, Manufacturing and Business Company, and the said company was Naglee; in other words, that Naglee owned all the property of the company, and that the incorporation of the company was merely a device by Naglee to hinder, delay and defraud his creditors. If the company

was constituted as claimed, it is not explained how this would impair the capacity of Naglee to pay his debts. If the land was his, and he sold it for stock, and owned all the stock, his situation was as good—no better, no worse than before; and how the plaintiff was to be injured by the act of the company and ought to be enjoined, is not plain. Naglee denies any fraudulent intent, and the purpose of forming such a company to avoid such a debt is not probable. The sale of the land for the stock, which represented the value of the land, cannot be called a voluntary conveyance without a valuable consideration. It is rather illogical to say the land was valuable, the stock was the value of the land, and yet the stock was worthless. The circuit court held the conveyance for stock was for a valuable consideration, as much as if the consideration had been money; that there was no proof of an intent to defraud; and that there was no just ground for tying up the hands of the company in the management of its business, and dissolved the injunction. This decree was plainly right, we think, and the same must be affirmed.

DECREE AFFIRMED.