# Richmond.

## CUTHBUT v. COMMONWEALTH.

### March 14th, 1889.

CONSTITUTION—*License—State bonds—Coupons.*—Acts 1883-4, chapter 450, ? 65, imposing a tax on the business of selling coupons cut from the bonds of the State is not repugnant to the Constitution of the United States. *Com'th* v. *Maury,* 82 Va. 882.

Error to judgment of hustings court of Petersburg, rendered on an indictment against the plaintiff in error for selling coupons cut from State bonds without a license. Opinion states the case.

*Wm. L. Royall,* for the plaintiff in error.

*Attorney-General R. A. Ayers,* for the Commonwealth.

HINTON, J., delivered the opinion of the court.

The petitioner was convicted of the offense of unlawfully selling coupons cut from the bonds of the State of Virginia, without having first obtained the license therefor required by law. The propriety of this conviction depends upon the question of the constitutionality of the act of assembly imposing a tax upon the business of a coupon-broker. See section 65, ch. 450, Acts 1883-84, p. 590. In the case of *Com'th* v. *Maury,* reported in 82 Va. 882, this precise question was submitted to this court and determined in favor of the constitutionality of that act,

and the reasons for that decision are fully stated in the opinion of Richardson, J., speaking for the court in that case. We are now asked, without the citation of a single additional authority, or the presentation of a new reason, to reverse that deliberate decision. This we cannot do. The State has, in our opinion, the power to tax the business of a coupon-broker just as it has a right to tax persons engaged in other avocations within its jurisdiction. The case is therefore ruled by the case of *Com'th* v. *Maury, supra,* and the judgment of the hustings court of the city of Petersburg must be affirmed.

JUDGMENT AFFIRMED.